IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,    :
    :
v.    :
    :
    :    CRIMINAL ACTION NO.
CEDRICK HILL,    :    1:18-CR-277-AT
    :
    DEFENDANT.    :

## ORDER

This case is before the Court on Defendant Cedrick Hill's Motion to Sever Offenses.  (Doc. 77.)  Specifically, Defendant seeks to sever Counts One and Two from Count Three of the superseding indictment in this caase. (Doc. 59.) Defendant's severance motion requests that two separate trials on the offenses charged in this criminal action be held, with the drug charges in Counts One and Two tried first, before the assault charge in Count III is tried   The Magistrate Judge's Report and Recommendation ("R&R") recommends the denial of the Defendant's Motion to Sever, after finding that the joinder of the claims was appropriate and that compelling prejudice had not been shown to warrant severance. (Doc. 97.)

Defendant has filed Objections to the Magistrate Judge's Report and Recommendations. (Doc. 105.)  On May 26, 2021, the Court heard counsel's

oral argument regarding Defendant Hill's objections to Magistrate Judge Larkins' R&R and questioned counsel regarding the Defendant's Motion and the Government's opposition.[1]  The Court additionally notes that Mr. Hill was first indicted on a superseding indictment on October 12, 2017  in a different case (1:16-cr-427-AT-JKL) and charged there with participating in a drug conspiracy in violation of 21 U.S.C. § 841(b)(1)(A).[2]   The Government represented in the May 26th hearing that it would dismiss its drug distribution related charges against Mr. Hill in that earlier case (1:16-cr-427) if the instant case moves forward in a single proceeding that includes both the original drug charges against Mr. Hill brought in 1:16-cr-427 (now Counts One and Two in the instant case) as well as the assault offense (Count Three).

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion on a "clearly erroneous" standard.  Accordingly, the Court has reviewed the Defendant's

---

[1]  The hearing was held by remote video conference.
[2]   A host of other charges were also included in the 22-count superseding indictment in 1:16-cr-427 against the 30 alleged members and associates of the Nine Trey Gangsters Blood Gang (NTG).

Motion to Sever Counts on a de novo basis as Defendant's objections go to the essence of the Magistrate Judge's evidentiary and legal analysis supporting the R&R's conclusions.

The Court has considered the legal and evidentiary analysis provided by the Magistrate Judge's Report and Recommendation as well as Defendant's Objections. and finds that the Magistrate Judge's determination that joinder of the three counts is legally appropriate and correct on the current record. However, the Court finds that it must still more carefully consider the prejudice issues posed here in light of the factors set forth under Federal Rules of Criminal Procedure 8(a) and 14(a), the separate times of the events, some marked differences in the nature of the underlying offenses charged, and Defendant's express representations as to the importance and substance of his potential testimony as to Count III.

The Eleventh Circuit in *United States v. Pierce, 733 F.2d 1474, 1476-77 (11th Cir. 1984)* recognized the types of circumstances that may be considered forms of prejudice that were previously identified by the U.S. Court of Appeals for the District of *Columbia in Drew v. United St*ates, 331 F.2d 85, 88 (D.C.Cir.1964):

> (1) he [defendant] may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence

3

of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. Thus, in any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration.

*See also*, *U.S. v. Hersh*, 297 F.3d 1233, 1243 n. 15 (11th Cir. 2002) ("[S]everance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others.") (quoting *United States v. Forrest,* 623 F.2d 1107, 1115 (5th Cir.1980)). "Rather, to establish that the joinder of charges kept him from testifying, Hersh must show that the charges were distinct in time, place, and evidence, that there was 'important' evidence that he might have offered on one set of charges but could not, and that he had a 'strong need' not to testify on the other counts." *Id.* (citing *United States v. Gardiner*, 955 F.2d 1492, 1497 (11th Cir.1992)).

Similarly, in the context of criminal charges of manufacturing and attempted distribution of $40 million of counterfeit checks plus the charge of bond jumping, the Eleventh Circuit in *U.S. v. Gabay*, has previously found that flight offenses may properly be joined with the underlying

substantive offense "since evidence of flight is admissible to prove guilty conscience and evidence of the counterfeiting is admissible to provide the motive for the flight."  923 F.2d 1536, 1540 (11th Cir. 1991).  The former Fifth Circuit likewise found in *U.S. v. Williamson* that the defendant's flight/assault charge was properly joined with a drug distribution charge—but in that case, the defendant's flight/assault conduct occurred immediately following the narcotics deal. *U.S. v. Williamson*, 482 F.2d 508, 511 (5th Cir. 1973).   The court therefore found that the joinder caused no prejudice because of the fully overlapping nature of the evidence in both counts that proved both defendant's motive and that the officers were clearly engaged in their official duties at the time of the assault.  As noted in *U.S. v. Corbin*, 734 F.2d 643, 648-49 (11th Cir. 1984), defendants' requests for severance of counts usually fail because "courts hold no need for severance arises until the defendant makes a convincing showing both that he has important testimony to give concerning one count and a strong need to refrain from testifying on the other count."  (Citing C. Wright A. Miller, *Federal Practice and Procedure* § 222.)

The Court finds that severance of the counts is not warranted in this case because there is some degree of necessary overlap and connectivity in the evidence relating to all three counts (though Count 3 is separate in time

by a few months) and that  the interest of judicial efficiency under the circumstances presented here outweighs the potential prejudice to Defendant's defense  However, the Court concludes that "other relief that justice requires" is appropriate to address the circumstances presented, as authorized under Rule 14(a).  ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, *or provide any other relief that justice requires*.") (emphasis provided).  The Court finds that the evidence in connection with the Defendant's Motion to Sever as well as the case record as a whole provides a strong factual basis for the Court's determination that Defendant's testimony as to Count 3 would be important to Defendant's defense and the jury's evaluation of the evidence relating to Count 3.  Further, Defendant might suffer material prejudice if he is precluded from testifying as to the factual circumstances surrounding the assault offense charged in Count Three as the price of avoiding cross-examination as to the offenses charged in Counts One and Two and forfeiting his Fifth Amendment rights relating to Counts One and Two.

The drug related offenses allegedly occurred between approximately October 2016 and November 2017, while the assault that is the centerpiece

of Count 3 occurred in January 2018.  Defendant Hill has averred that he did not at the time realize that the individual (P.S.) who confronted him in the lobby of a hotel he was staying and who was not wearing any outside identifiers was actually a law enforcement officer. Defendant also allegedly thought he was in significant danger of being assaulted by this armed individual after P.S. jumped on his car but Defendant purportedly did not intend to do him any harm. [3]  Defendant was shot multiple times by the officer and his shooting wounds entailed life threatening injuries. The officer also was seriously injured. There is significant risk in these circumstances that the jury may improperly cumulate the evidence of the various alleged crimes Defendant Hill is charged with while reaching their verdict on the three counts, especially if the Defendant is not able to testify as to his perceptions of the immediate events surrounding the assault charge. Accordingly, the Court intends to grant appropriately tailored relief regarding specific scope limitations in the Government's cross-examination of the Defendant concerning Counts I and II, *if* Defendant chooses to

---

[3]  As discussed in Defendant's Original Motion to Sever, "...[O]nly Mr. Hill can testify as to whether he believed P.S. was a federal officer or a private citizen, he thought he was being assaulted on January 5, 2018 and what his intentions were during the encounter.  Specifically, should Mr. Hill decide to take the stand, he is prepared to testify as to his recollection of who he believed P.S. to be, whether he feared for his safety, when during the events he was shot, and his intentions at different points during the incident.  Testimony on these points is absolutely critical for the jury's complete assessment of Mr. Hill's intent and knowledge." (Doc. 77 at 7.) The Court notes that both the law enforcement agent and Defendant were seriously injured in the course of their interaction.

testify, after  requisite pre-trial motions regarding such scope limitations from the parties have been filed.  The Court will also consider proposed limiting instructions to the jury submitted by the Parties both in connection with the pretrial conference and during the course of the trial, as appropriate.  If such relief cannot be reasonably implemented, the Court will consider other measures, as warranted.

Accordingly, the Court **DENIES** the Defendant's Motion to Sever (Doc. 77) and **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 46) **EXCEPT** to the extent that the Court has determined that other additional measures of judicial relief are necessary to minimize prejudice and assure a just trial in this matter, in the event Defendant decides to testify as to the facts relating to Count 3.  The Court recognizes that this may be a most delicate balancing act, and it is possible that the Defendant may ultimately choose not to testify.

As all pretrial motions in this case have been resolved, the Court sets the case for a trial calendar to start on Monday, August 30, 2021, at 9:30 AM in Courtroom 2308, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.  Voir dire will be held on Friday, August 27, 2021, at 9:30 AM in Courtroom 2306.  The pretrial conference is set for August 18, 2021, at 10:30 AM in Courtroom 2308.  The parties are **DIRECTED** to file briefs

relating to their proposals as to the limitation of the scope of Government cross-examination of Defendant as to Counts 1 and 2 in the event Defendant decides to testify and as to other proposed relevant limitation instructions no later than 30 days prior to the trial date. Additionally, by 5:00 PM on July 14, 2021, the parties are to file their respective motions in limine and voir dire questions.   By 5:00 PM on July 14, 2021, the Government is to file a brief statement of facts the parties can rely on for voir dire.   By 5:00 PM on July 28, 2021, the parties are to file any objections to those items listed above.   The time from June 3, 2021, to August 30, 2021, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk.   Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial.   The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits.   The parties

<u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

**IT IS SO ORDERED** this 3rd day of June, 2021.

**Amy Totenberg**
**United States District Judge**