IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CEDRICK HILL | Criminal Action No.<br><br>1:18-CR-277-AT-JKL |

**Government's Response to Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act**

The United States of America, by Kurt R. Erskine, United States Attorney for the Northern District of Georgia, through Jessica Morris and Matthew S. Carrico, Assistant United States Attorneys for the Northern District of Georgia, hereby files Response in Opposition to Government's Response to Defendant's Motion to Dismiss Indictment Pursuant to Speedy Trial Act. (Doc. 112).

Defendant Cedrick Hill argues, in his pending motion to dismiss, that the indictment in *United States v. Cedrick Hill*, Case No. 1:18-cr-00277, should be dismissed for violation of the Speedy Trial Act (STA). (Doc. 112). He contends that the 70-day period for commencing trial, considering all excludable periods, expired on March 12, 2020. (Doc. 112-5). Per his calculations, the clock ran on March 12, 2021. (*Id*.) Thus, per Hill's analysis, the period expired prior to General Order 20-01, entered on March 23, 2021, which tolled STA deadlines due to the Covid-19 pandemic (doc. 53) and also prior to the superseding indictment, returned on June 9, 2021. (Doc. 59).

1

The procedural history of this case, and the related prosecution naming Hill (*United States v. Evans et al*, Case No. 16-cr-427-AT-JKL), has been recently described in detail in the context of Hill's motion to severe. (*See* Docs. 84 and 97). There are only two material updates to the procedural history since that time: (1) the Court denied Hill's motion to severe; and (2) the above-captioned case, including both the assault and drug trafficking charges, has been set for trial on August 27, 2021. (Doc. 111).

## Argument and Citation to Authority

Per the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, in "any case in which a plea of not guilty is entered, the trial ... shall commence within seventy days" from the later of (1) the "filing date" of the information or indictment or (2) the defendant's initial appearance before a judicial officer. *United States v. Tinklenberg*, 563 U.S. 647, 650, 131 S. Ct. 2007, 2010, 179 L. Ed. 2d 1080 (2011) (quoting 18 U.S.C. § 3161(c)(1)). As relevant here "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[]" is excluded from the 70-day period. 18 U.S.C. § 3161(h)(1)(D). The filing of the motion—irrespective of whether its pendency caused pretrial delay—triggers tolling through the disposition of the motion by a hearing or otherwise. *Tinklenberg*, 563 U.S. at 647 (considering "whether this provision stops the speedy trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins" and finding that no such requirement existed).

Hill's argument that the STA clock has run and that the Court should therefore dismiss the indictment fails for at least two reasons:

First, his calculations fail to consider the pendency of the government's detention motion at the initiation of the case.  Per his calculations, the "clock began to run on July 27, 2018 and it ran until August 13, 2018." (Doc. 112-4).  On July 26, 2018, however, the government filed a motion for detention and requested a hearing at the initial appearance.  (Doc. 5-3).  The magistrate judge "held in abeyance" the government's detention motion because Hill was already detained in the *Evans* case.  (Doc. 6).  In his recent motion requesting a bond hearing, Hill acknowledged that the government's detention motion was still pending and that no hearing was held on it.  (Doc. 106-1-2).  The pendency of the detention motion tolled the speedy-trial clock because no hearing was conducted.  *United States v. Dunn*, 345 F.3d 1285, 1293 (11th Cir. 2003) (government's request for pretrial detention tolled clock until hearing was conducted); *see also United States v. Brewer*, No. 6:13-CR-69-ORL-18TBS, 2013 WL 12176846, at *2 (M.D. Fla. Apr. 30, 2013)(" The Defendant's oral request that a preliminary hearing and a detention hearing be held in the Middle District of Florida are pretrial motions under 18 U.S.C. § 3161(h)(1)(D).").  The fact that detention motion did not result in pretrial delay has no bearing on the tolling analysis. *Tinklenberg*, 563 U.S. at 647.  When Chief District Court Judge Thrash entered General Order 20-1 on March 23, 2020, tolling the STA deadline in this case, the government's detention motion was still pending and the clock was therefore tolled.

3

Second, Hill's argument fails to acknowledge that he now faces trial on the June 2020 superseding indictment in this case.  In an analogous case, a defendant based his Speedy Trial Act arguments on "the first indictment and not on the superseding indictment under which he was ultimately brought to trial" the Eleventh Circuit "agree[ed] with the district court that the superseding indictment 'effectively dismissed' the charges in the original indictment."  The Court went on to explain, "[w]e have held, under a different provision of the Speedy Trial Act, that 'filing a superseding indictment has the same effect as 'dismissing an original indictment and filing a new indictment.' Whatever happened under the original indictment after the superseding indictment was filed has no bearing on Hill[1]'s seventy days." *United States v. Wells*, 160 F. App'x 885, 889 (11th Cir. 2005) (quoting *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir.1994)).  Here the superseding indictment added drug trafficking charges to the assault charge.  (*See* Doc. 97-34, describing charges in current indictment).  In finding no merit to the defendant's arguments, based solely on the original indictment, the Court also remarked:

---

[1] The defendant in *United States v. Wells* is also named Hill.

4

> We find additional support under 18 U.S.C. § 3162(a)(2), which gives the district court the authority to dismiss the original indictment. This dismissal may be without prejudice if the court determines that certain factors weigh in favor of a dismissal without prejudice. These factors include: '[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice.' 18 U.S.C. § 3162(a)(2). The second and third factors weigh heavily in favor of a dismissal without prejudice in this case. The dismissal of the original indictment would be merely taking care of a technicality since the case was simultaneously proceeding with full force under the superseding indictment. Additionally, there is no indication that the government's filing of the superseding indictment and abandonment of the original indictment was for delay or any other improper purpose that would interfere with the administration of the Speedy Trial Act or the administration of justice. Thus we have no problem finding that the original indictment could have been dismissed without prejudice at any time. The fact that it was not dismissed until later in the case does not affect the validity of the proceedings under the superseding indictment.

*Wells*, 160 F. App'x at 889.  The same analysis applies here.  This case has been set for trial.  A dismissal, even if were warranted under the STA, would weigh heavily in favor of dismissal without prejudice.  Afterall, the drug trafficking charges are still pending in the *Evans* case, a complex case with several pending defendants yet to face trial.  Hill will be tried on the drug charges more expeditiously in the instant case than if he were to face the same charges in the *Evans* case.  The government would immediately re-indict Hill, if the case were dismissed without prejudice.  Even if the Court agreed with Hill's STA arguments, the existing superseding indictment, returned in June 2020,

5

"effectively dismisses" the original indictment, eviscerating any STA challenges to the original indictment.

## Conclusion

For the reasons above, the government respectfully requests that Court deny defendant's motion to dismiss.

>Respectfully submitted,
>
>KURT R. ERSKINE
>    *Acting United States Attorney*
>
>/s/JESSICA C. MORRIS
>    *Assistant United States Attorney*
>    Georgia Bar No. 100907
>    Jessica.Morris3@usdoj.gov
>
>
>/s/ Matthew S. Carrico
>Ga. Bar No. 538608
>Matthew.Carrico@usdoj.gov
>
>600 U.S. Courthouse
>75 Ted Turner Dr., S.W.
>Atlanta, GA 30303
>(404) 581-6000

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, including:

    Laila Kelly

June 15, 2021

                                              /s/JESSICA C. MORRIS
                                                *Assistant United States Attorney*