IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE NO. |
| v. | 1:18-CR-277-AT-JKL |
| CEDRICK HILL, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Cedrick Hill's Motion to Dismiss Indictment Pursuant to Speedy Trial Act.  [Doc. 112.]  In his motion, Mr. Hill moves to dismiss the charges against him because he contends the seventy-day period in which to bring him to trial expired on March 12, 2020.  For the reasons discussed below, Mr. Hill's calculation of excludable time is not correct, and there remain at least twelve days left on the speedy trial clock.  Accordingly, it is **RECOMMENDED** that the motion be **DENIED**.[1]

---

[1] Also pending before the Court is Mr. Hill's "Pro Se Motion to Dismiss on Speedy Trial Grounds."  [Doc. 108.]  The Court does not consider pro se motions by parties who are represented by counsel.  LCrR 57.1(D)(3), NDGa.  Since Mr. Hill has not applied for nor received permission to file any motions pro se, it is **RECOMMENDED** that his pro se motion to dismiss be **DENIED**.

## I.    BACKGROUND

Mr. Hill was indicted in this case on July 17, 2018, on one count of assaulting a federal officer during his arrest on January 5, 2018.  [Doc. 1.]  At the time of his indictment in this case, Mr. Hill had already been arraigned[2] on drug trafficking charges in a separate federal case, *United States v. Hill*, No. 1:16-cr-427-AT-JKL-27 (the "Drug Case"), and had been detained pending trial.  On July 26, 2018, he appeared before United States Magistrate Judge Justin S. Anand for his arraignment in this case.  [Doc. 6.]  That same day, the government moved to detain him pending trial.  [Doc. 5.]  Because Mr. Hill was already detained, the Court held the motion for detention in abeyance.  [Doc. 6.]  As of the date of this report and recommendation, Mr. Hill is still in federal custody pursuant to the detention order issued in the Drug Case and the government's detention motion in this case remains in abeyance.  *United States v. Hill*, No. 1:16-cr-427-AT-JKL-27, Doc. Entry 429.

Following Mr. Hill's arraignment in this case, the Court issued a pretrial scheduling order, setting August 9, 2018 as the deadline to file pretrial motions and scheduling the pretrial conference for August 13, 2018.  [Doc. 8.]  On August 8,

---

[2] Mr. Hill was arraigned on February 28, 2018.  *See United States v. Hill*, No. 1:16-cr-427-AT-JKL-27, Doc. Entry 425.

2

2018, Mr. Hill filed an unopposed motion to continue the pretrial conference. [Doc. 10.] The Court granted the motion that same day, and found that, because Mr. Hill needed additional time to review discovery that he had received, research various matters, and file potential pretrial motions, under 18 U.S.C. § 3161(h)(7)(A) and (B)(i), the interests of justice in granting the continuance outweighed the right to a speedy trial. [Doc. 11.] As a result, the Court directed the Clerk to exclude time between August 13, 2018, and the date of the rescheduled conference, September 11, 2018, from the relevant computation under the Speedy Trial Act. [*Id.*]

On August 29, 2018, in order to obtain and review medical records Mr. Hill requested an additional extension of time to file pretrial motions and asked to hold the pretrial conference on October 19, 2018. [Doc. 16.] The Court granted the motion, and again ordered that time through the rescheduled pretrial conference be excluded from the computation under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A) and (B)(i). [Doc. 17.]

On October 15, 2018, Mr. Hill filed a motion to suppress statements. [Doc. 13.] After several continuances [Docs. 17, 19, 21], I held an evidentiary hearing on that motion on June 21, 2019 [Doc. 23]. At the conclusion of the hearing, the Court ordered post-hearing briefing [Doc. 23], which, after several additional

continuances, was completed on November 9, 2019, when the government filed his reply [Docs. 37, 39, 42, 44, 45]. On December 6, 2019, I issued a report and recommendation on the motion to suppress. [Doc. 46.] Contemporaneously, I entered a service order, which advised the parties that any objections must be filed within fourteen days of service and specifically warned that the fourteen-day period:

> **is EXCLUDED from the computation of time under the Speedy Trial Act ("the Act"), whether or not objections are actually filed**. If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing of the R&R and the submission of the R&R, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); *Henderson v. United States*, 476 U.S. 321, 331 (1986); *United States v. Mers*, 701 F.2d 1321, 1337 (11th Cir. 1983).

[Doc. 47 (emphasis supplied).] Objections to the report and recommendation were therefore due no later than December 20, 2019. On December 19, 2019, Mr. Hill filed an unopposed motion to extend the time to file objections through January 3, 2020 to provide his counsel with adequate time to prepare objections. [Doc. 49.] The Court granted the motion the following day, and ordered that the additional requested time be excluded from the Speedy Trial Act computation based on the interests of justice. [Doc. 50.]

4

On January 3, 2020, Mr. Hill filed objections to the report and recommendation on his motion to suppress. [Doc. 51.] On March 23, 2020, the Court entered the first of its orders excluding time under the Speedy Trial Act starting March 16, 2020, due to the exigent circumstances created by the COVID-19 pandemic. [Doc. 53.] Those orders continued through March 10, 2021, excluding time through May 2, 2021, from calculations under the Speedy Trial Act. [*Id.* at 5.]

On June 9, 2020, the government superseded the indictment in this case to add two drug trafficking charges with which Mr. Hill had been charged in the Drug Case. [Doc. 59.]

On June 8, 2021, Mr. Hill moved to dismiss the indictment in this case on the grounds that the seventy-day period for commencing trial under the Speedy Trial Act expired on March 12, 2020, four days before the Court's general order suspending speedy trial calculations. [Doc. 112.] His methodology for calculating the period is as follows:

> (1) the Speedy Trial period ran for seventeen days between July 27, 2018 and August 13, 2018 (*i.e.*, the period between his arraignment and the initially-scheduled pretrial conference);
>
> (2) an additional fourteen days elapsed between December 6, 2019 and December 19, 2019  (*i.e.*, the period between the issuance of the

5

report and recommendation on the motion to suppress and his motion for additional time to file objections);

(3) on February 3, 2020, thirty days after he filed his objections, the clock restarted; and

(4) on March 12, 2020, prior to the first of the Court's standing orders excluding time under COVID-19, the seventy-day period expired.

The government responds that no speedy trail time has elapsed because the government's motion for detention has been held in abeyance since his initial appearance on July 26, 2018, and has remained pending.  [Doc. 113 at 3.] According to the government, the entire period is therefore excludable under 18 U.S.C. § 3161(h)(1)(D), which automatically excludes the time between the day on which a party files a pretrial motion until hearing is held on the motion.  [*Id.*] Alternatively, the government argues that by superseding the indictment in June 2020, it effectively dismissed the original indictment, "eviscerating any [Speedy Trial Act] challenges to the original indictment."  [*Id.* at 4-6.]

As will be discussed presently, the Court does not need to reach either of the government's arguments.  Even assuming without deciding that holding the motion for detention in abeyance did not stop the speedy trial clock and that superseding the indictment did not moot Mr. Hill's challenges, Mr. Hill's motion should be denied because he has improperly attempted to count the fourteen-day objection

6

period between December 6 to December 19, 2019 as nonexcludable time.  [*See*

Doc. 112 at 4.]

## II.    ANALYSIS

The Speedy Trial Act mandates that a federal criminal defendant be brought

to trial within seventy days of "the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a

judicial officer of the court in which such charge is pending, whichever date last

occurs."  18 U.S.C. § 3161(c)(1).  If trial does not begin within such time, "the

information or indictment shall be dismissed on motion of the defendant," either

with or without prejudice.  *Id*. § 3162(a)(2).  "When the clock is triggered by a

defendant's first appearance, the clock begins to run on the day after the

defendant's appearance."  *United States v. Hughes*, 840 F.3d 1368, 1377 (11th Cir.

2016).

The Speedy Trial Act recognizes that certain delays are excludable from the

seventy-day clock.  *See* 18 U.S.C. § 3161(h).  One exclusion is for any "delay

resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion."  18

U.S.C. § 3161(h)(1)(D).  In *Henderson v. United States*, the Supreme Court held

that this exclusion covers "all the time between the filing of a motion and the

7

conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary,'" as well as "time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion."  476 U.S. 321, 330-31 (1986).  In other words, the speedy trial clock generally stops once a party files a motion and remains stopped until the Court holds a hearing and any briefing on the motion is complete.

Relatedly, the Speedy Trial Act also excludes any "delay reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H).  This means that once the court has everything it needs to issue a ruling, it enjoys a thirty-day window of excludable time in which to consider the matter and issue that ruling.  *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991).  When a pretrial motion has been referred to a magistrate judge to issue a report and recommendation, then, there are two such thirty-day periods:  one thirty-day excludable period for the magistrate judge to issue a report and recommendation, and a second thirty-day period for the district judge to take the report and recommendation and any objections thereto under advisement.  *See United States v. Mers*, 701 F.2d 1321, 1336-37 (11th Cir. 1983).

Mr. Hill's calculation of the speedy trial period assumes that the fourteen-day period between the issuance of a magistrate judge's report and recommendation and the filing of objections is nonexcludable.  But Mr. Hill is mistaken.  To the contrary, the fourteen-day period during which the parties may object to a report and recommendation is excludable under § 3161(h)(1)(D), because unless and until the parties' objections are filed, the district judge does not yet have everything needed to rule on the motion.  And in this case, when the fourteen-day objection period is counted as excludable delay, seventy days have not yet elapsed for Speedy Trial Act purposes.

Courts regularly exclude the objection period in calculating time under the seventy-day Speedy Trial Act.  To start, certain types of criminal motions, including motions to suppress, may be referred to a magistrate judge to issue a report and recommendation.  *See* 28 U.S.C. 636(b)(1); Standing Order 14-02(4)(b) (N.D. Ga. Aug. 15, 2014).  Upon the filing of a report and recommendation, the parties have fourteen days within which to file objections.  28 U.S.C. § 636(b)(1). Although the Eleventh Circuit has not expressly addressed whether this fourteen-

day period is excludable, other courts that have confront the issues have held that

the time is excludable automatically under 18 U.S.C. § 3161(h)(1)(D).[3]

For example, in *United States v. Long*, the Eighth Circuit held that after a

magistrate judge issues a report and recommendation, a new excludable period

under § 3161(h)(1)(D)[4] begins, since the filing of a report and recommendation "in

essence serves to re-file the motions, together with the magistrate's study of them,

---

[3] I pause briefly to address relevant Eleventh Circuit authority. In *United States v. Mers*, the Eleventh Circuit held that the magistrate judge and the district judge each enjoy separate, automatic thirty-day excludable periods to consider a pending motion under 18 U.S.C. § 3161(h)(1)(H), but the court explicitly left open whether the period during which parties may object to a magistrate judge's recommendation "may properly be excluded under other sections of the Speedy Trial Act." 701 F.2d at 1337 n.15. In *United States v. Robinson*, decided two years later, the court stated, without explanation, that six days elapsed between when the magistrate judge issued a report and recommendation and when the defendant filed objections were "nonexcludable," and suggested that the time to file objections is not automatically excludable. 767 F.2d 765, 769 (11th Cir. 1985). But this statement was dicta, as the issue was not before the court and, in any event, the result in that case (*i.e.,* whether more than 70 nonexcludable days had elapsed) would have been the same regardless of how the court treated the six days after the report and recommendation. Also, *Robinson* predates the Supreme Court's decision in *Henderson*, which, as discussed above, recognized that time is excludable under § 3161(h)(1)(D) until the Court has all materials before it to render a decision on a motion. Sister circuit courts rely on *Henderson* to in holding that the objection period should be automatically excluded, and, in all likelihood, the Eleventh Circuit will too.

[4] At the time that *Long* was decided, 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(1)(H) were codified at 18 U.S.C. §§ 3161(h)(1)(F) and § 3161(h)(1)(J), respectively.

with the district court."  900 F.2d 1270, 1275 (8th Cir. 1990).  The court explained that under § 3161(h)(1)(D), filing a report and recommendation "tolls the 70-day count until the district court holds a hearing or has all the submissions it needs to rule on the motions."[5]  *Id.*  In other words, before the expiration of the objection period, the district court does not have "all the submissions it needs to rule" on a pending motion; thus, the Speedy Trial Act period is stopped so that the court can receive all submissions it may expect to receive.

The Sixth Circuit took the same approach in *United States v. Andress*, explaining that:

> a new period of excludable delay under [§ 3161(h)(1)(D)] begins immediately upon the filing of the magistrate's report and recommendation.  That period of excludable delay lasts only until the parties file objections or the [fourteen] days allowed for filing objections elapse.  At that point—when the district court has before it all the materials it is due to receive—a new period of excludable delay begins; *viz.*, thirty days under [§ 3161(h)(1)(H)] within which a motion may be kept under advisement.

---

[5] In reaching this conclusion, the Eighth Circuit laid out its disagreement with the Eleventh Circuit's assumption in *Robinson* that the second 30-day excludable period under 18 U.S.C. § 3161(h)(1)(H) started to run when objections were filed because the district court "is required to make a *de novo* determination on the issues to which a party objects." *Long*, 900 F.2d at 1275 n.3.

943 F.2d 622, 626 (6th Cir. 1991). The court explained that this result is consistent

with the Supreme Court's holding in *Henderson* that § 3161(h)(1)(D) "excludes

time after a hearing on a pretrial motion where court awaits additional filings from

the parties that are needed for proper disposition of the motion." *Id.* (quoting

*Henderson*, 476 U.S. at 331). The court continued:

> In the situation in which a motion has been referred to a magistrate
> under 28 U.S.C. § 636(b), the district judge is required by statute to
> make a de novo review of the magistrate's report and
> recommendation when an objection or objections have been made to
> the report and recommendation. Section 636(b) also provides that
> the parties shall have [fourteen] days from the receipt of the
> magistrate's report and recommendation in which to file objections.
> The district court is "unable to rule" on the report and
> recommendation until it has the parties' objections in hand.
> Therefore, under the principle announced in *Henderson*, the period
> of time between the filing of a magistrate's report and
> recommendation and (1) the filing of objections by counsel, if any,
> or (2) the lapsing of [fourteen] days should be treated as excludable
> delay under [§ 3161(h)(1)(D)].

*Id.*

The Fifth Circuit has similarly held that the objection period following the

issuance of a report and recommendation is automatically excludable, at least until

objections are filed, at which point a new 30-day excludable delay begins. *United

States v. Harris*, 566 F.3d 422, 430 (5th Cir. 2009). The court explained in *Harris*

that:

12

> Once a report and recommendation is issued, the speedy trial clock is tolled under § 3161(h)(1)(D) for a period of [fourteen] days or until objections are filed, whichever is earlier. At that point, the motion is deemed "under advisement" for another thirty-day period of excludable delay under § 3161(h)(1)(H). This framework is consistent with the purpose of the Speedy Trial Act because it subjects both the magistrate judge and the district court to specific time periods within which to rule. Yet, by providing a full thirty days for the district court to issue its ruling after all materials are filed, it also affords sufficient time for a *de novo* review of the issues to which a party objects, as required under 28 U.S.C. § 636(b)(1).

*Id.*[6]

*Long*, *Andress*, and *Harris* are well-reasoned and persuasive. They are consistent with the Supreme Court's holding in *Henderson*'s that time is automatically excludable until all materials necessary for the court to issue a ruling have been presented. Thus, the fourteen-day period from the issuance of my report and recommendation on December 6, 2019 is excludable delay under § 3161(h)(1)(D). As a result, even if the remainder of Mr. Hill's calculation is

---

[6] The Fifth Circuit also cited favorably the Second Circuit's opinion in *United States v. Oberoi*, which held, among other things, that the speedy trial clock is tolled under § 3161(h)(1)(D) for a period of fourteen days so the parties can file objections to a report and recommendation. 547 F.3d 436, 453 (2d Cir. 2008). The Supreme Court later vacated the *Oberoi* decision on other grounds by in light of its holding in *Bloate v. United States*, 559 U.S. 196 (2010), that time granted to a party to prepare pretrial motions is not automatically excludable under § 3161(h)(1). 559 U.S. 999 (2010). The holding and reasoning of *Oberoi* as it relates to the exclusion of the objection period, however, was not affected by *Bloate*.

13

correct—*i.e.*, that seventeen days elapsed from July 27, 2018 through August 13, 2018 and that the clock started running again beginning on February 3, 2020 (that is, 30 days after filing his objections to the report and recommendation)—a total of 58 days elapsed as of March 16, 2020, the effective date of the first general order excluding time due to the COVID-19 pandemic.[7]  Since no additional time has elapsed, at least twelve days remain before the Speedy Trial Act period expires.

## III.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Mr. Hill's Motion to Dismiss Indictment Pursuant to Speedy Trial Act [Doc. 112] be **DENIED**.

It is **FURTHER RECOMMENDED** that Mr. Hill's "Pro Se Motion to Dismiss on Speedy Trial Grounds" [Doc. 108] be **DENIED**.

I have now addressed all referred pretrial matters relating to Mr. Hill and have not been advised of any impediments to the scheduling of a trial.  Accordingly, this case is **CERTIFIED READY FOR TRIAL.**

---

[7] Mr. Hill does not argue that any time has ticked off the speedy trial clock since March 16, 2020, and the Court's own review of the record indicates that no additional time has elapsed due to the general orders suspending speedy trial due to the pandemic, Mr. Hill's filing of other pretrial motions, and other continuances being granted.

14

IT IS SO RECOMMENDED this 19th day of July, 2021.

JOHN K. LARKINS III
United States Magistrate Judge