IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| CEDRICK HILL, | : 1:18-CR-277-AT |
| | : |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 121] recommending that the *pro se* Motion to Dismiss on Speedy Trial [Doc. 108] and the Motion to Dismiss Indictment Pursuant to Speedy Trial [Doc. 112] filed by counsel be denied. The Defendant filed objections to the R&R [Doc. 124].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. The Defendant objected on numerous grounds to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has reviewed the record in this case on a de novo basis. After an independent de novo review of the record, the Court finds that the R&R is correct. The Magistrate Judge conducted a thorough analysis of the record, sequence of filings, and applicable case law and in turn properly determined that the Speedy Trial Act's provisions in this matter

have not been breached.  Accordingly, based upon the Court's independent review of the record and briefs, the Court finds that Defendant's objections lack merit.  The Court therefore **OVERRULES** Defendant's objections [Doc. 124]; **ADOPTS** the Magistrate Judge's R&R [Doc. 121]; and **DENIES** Defendant's *pro se* Motion to Dismiss on Speedy Trial [Doc. 108] and Motion to Dismiss Indictment Pursuant to Speedy Trial [Doc. 112].[1]

The Court notes that it is mindful of the concerns Defendant's briefs express regarding the challenges of Mr. Hill's separation from his family during more than three years, a period when covid-19 has made pretrial detention particularly difficult, especially given the serious injuries he suffered during his arrest.  The Court has endeavored to schedule trials for criminal defendants on pretrial detention, including Mr. Hill, prior to defendants on bond for that very reason. This matter was originally scheduled for trial to commence on August 30, 2021, and at the request of counsel, was postponed for 80 days to allow Plaintiff further time for trial preparation.

The Court hereby sets the trial date for defendant Cedric Hill to begin on Monday, January 10, 2022, at 9:30 AM in Courtroom 2308, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia.  The pretrial conference is set for January 5,

---

[1] The Court notes that it is mindful of the concerns Defendant's briefs express regarding the challenges of separation from his family during more than three years, a period when covid-19 has made pretrial detention particularly difficult.  The Court has endeavored to schedule trials for criminal defendants on pretrial detention, including Mr. Hill, prior to defendants on bond for that very reason. This matter was originally scheduled for trial to commence on August 30, 2021, and at the request of counsel, was postponed for 80 days to allow Plaintiff further time for trial preparation. Finally, the Court has granted Defendant's recent request for the authorization of an additional "associate" counsel in this matter to facilitate Defendant's presentation of a vigorous and full defense.  (Doc. 120).  It is not clear why Defendant's proposed associate counsel, Mr. Rodney A. Williams, who was appointed by the Magistrate Judge, did not file a notice of appearance subsequent to the Magistrate Judge's appointment Order of July 1, 2021. Nor is it clear why primary counsel for Mr. Hill is still raising the issue of lack of an associate counsel in her most recent objections that were filed on August 12, 2021.  *If there is a problem regarding this appointment of associate counsel moving forward, counsel for Defendant needs to make clear to the Court what precisely that is as soon as possible.*

2022, at 10:30 AM in Courtroom 2308.  By 5:00 PM on December 1, 2021, the parties are to file their respective motions in limine and voir dire questions.  By 5:00 PM on December 1, 2021, the Government is to file a brief statement of facts the parties can rely on for voir dire.  By 5:00 PM on December 15, 2021, the parties are to file any objections to those items listed above.  The time from September 7, 2021, to January 10, 2022, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

      The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk.  Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial.  The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

      Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology.  Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk.  The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

Finally, the Court notes that the Magistrate Judge granted Defendant's recent request for the authorization of an additional "associate" counsel in this matter to facilitate Defendant's presentation of a vigorous and full defense. (Doc. 120).  It is not clear why Defendant's proposed associate counsel, Mr. Rodney A. Williams, who was appointed by the Magistrate Judge, did not file a notice of appearance subsequent to the Magistrate Judge's appointment Order of July 1, 2021.  Nor is it clear why primary counsel for Mr. Hill is still raising the issue of the lack of an associate counsel in her most recent objections that were filed on August 12, 2021.  If there is an actual problem regarding Mr. Williams' entering a notice of appearance and joining Mr. Kelly in representation of Mr. Hill, counsel for Defendant needs to file an appropriate motion addressing this issue within 14 days of the date of this Order.  Otherwise, Mr. Williams needs to file his notice of appearance within 14 days of the date of this Order.

**IT IS SO ORDERED** this 7th day of September, 2021.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**