IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:18-cr-00277-AT-JKL |
| CEDRICK HILL | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)**

Comes now defendant, CEDRICK HILL, by and through undersigned counsel and files this response to the government's notice to present evidence under FRE 404(b). On July 14, 2022 the government filed a notice of intent to introduce certain evidence of Mr. Hill's other alleged conduct of methamphetamine trafficking to show his intent, opportunity, knowledge, and absence of mistake in committing the crimes alleged in the indictment. Mr. Hill objects to the introduction of such evidence on the following ground.

    I.    The Evidence Described In The 404(b) Notice Is Inadmissible Under Rule 403.

Even if the proposed evidence is admissible under Rule 404(b), it is still inadmissible under Rule 403 "if its probative value is substantially outweighed by a danger of one or more following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence."

1

F.R.E. 403; *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). In making a 403 determination, a factor that the court must consider is the strength of the government's case. When the government has a strong case without the extrinsic evidence, fairness dictates that the extrinsic evidence should be excluded. *United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir. 1991); *see also United States v. Hernandez*, 896 F.2d 513, 521 (11th Cir. 1990) ("[I]f the government has a strong case on intent without the extrinsic offense . . . then the prejudice to the defendant will outweigh the marginal value of the extrinsic offense evidence and it will be excluded.").

In light of the volume of evidence acquired by the agents during the investigation of this case, this extrinsic evidence adds little to the government's case and cannot be said to be important or essential to the presentation of its case. The government has numerous wiretap phone calls between Mr. Hill and an alleged co-conspirator, including phone calls where Mr. Hill makes damaging statements about his conduct and actions. The government has geo-location data placing Mr. Hill at a location being surveilled by police while drug transactions are occurring. The government also has actual drugs seized from a co-conspirator as well as the anticipated testimony of that co-conspirator. The sum of this evidence allows the government to prove Mr. Hill's guilt without any mention of the

extrinsic evidence. The government has little, if any, incremental need for the additional extrinsic evidence.

Additionally, for Mr. Hill to respond to these allegations from CW-1, it will be necessary for Mr. Hill to present evidence to rebut the allegation. Going down this rabbit hole would unnecessarily extend the length of the trial as Mr. Hill would have to present evidence that (1) he did not commit the extrinsic act and (2) impeaches the credibility of CW-1. This would result in a mini-trial on the side issue of whether Mr. Hill distributed methamphetamine on different dates, times, locations, and to different persons than what is alleged in the indictment. As a result, this evidence would cause delay and confusion. Because the government's case against Mr. Hill is already overwhelming, the undue confusion and prejudice cause by this evidence clearly outweighs any relevance and it must be excluded under Rule 403.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and preclude the government from introducing at trial potential 404(b) evidence.

Respectfully submitted this 2nd day of August, 2022.

/s/ *Laila Kelly*
Laila Kelly
Georgia Bar No. 738973
Attorney for Cedrick Hill

315 W. Ponce de Leon Ave.
Suite 321
Decatur, GA  30030
(404) 884-8723
laila@thekellyfirmllc.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Suppress Statements was formatted in Times New Roman 14pt., in accordance with Local Rule 5.1C, and was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 2nd day of August, 2022.

*/s/ Laila Kelly*_____
Laila Kelly
Georgia Bar No. 738973
Attorney for Cedrick Hill

315 W. Ponce de Leon Ave.
Suite 321
Decatur, GA  30030
(404) 884-8723
laila@thekellyfirmllc.com